IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFREY ARCHIE II,** § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 3:21-CV-1272-M-BH | |
| § | | |
| **WEST COAST UNIVERSITY,** § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendant's Motion to Compel Arbitration*, filed September 3, 2021 (doc. 15), should be **GRANTED**, and the included alternative motion to stay pending arbitration and *Defendant's Motion to Dismiss and Brief in Support*, filed October 8, 2021 (doc. 17), should both be **DENIED AS MOOT**.

**I.   BACKGROUND**

Jeffrey Archie II (Plaintiff) sues his former employer, West Coast University (Employer), for retaliation in employment under Section 503(a) of the Americans with Disability Act of 1990, as amended (ADA). (doc. 3 at 1; doc. 10 at 7, 11-12, 15.)[2]

On January 26, 2020, Plaintiff electronically signed a Mutual Arbitration Agreement (Agreement) with Employer, that was also executed by its representative. (doc. 15-1 at 2-3, 5.) In relevant part, it states:

> By signing below, you agree that, to the fullest extent permitted by law, any and all claims or controversies between you and West Coast University, including any of its affiliated

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

>entities, owners, members, officers, directors, employees, volunteers, contractors or agents (collectively, "University") relating to or arising out of your employment or the separation of your employment will be resolved by final and binding arbitration as the exclusive remedy for such controversy, claim or dispute.
>
>…
>
>This mutual arbitration agreement covers, but is not limited to, all claims of unpaid wages, breach of contract, torts, discrimination, harassment, violation of public policy, and any other employment-related claims based on any federal, state or local law, statute, or regulation, including but not limited to any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act … and the comparable state laws of any other state in which you were employed by the University when the claim(s) arose (or, if the claim(s) arose after the separation of your employment with the University, the state in which you were last employed by the University).
>
>…
>
>This mutual arbitration agreement is governed by and enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). Either you or the University may bring an action in court to compel arbitration under this Agreement and to enforce an arbitration award.
>
>…
>
>You agree that this mutual arbitration agreement constitutes the full integrated agreement between you and the University regarding resolution of employment-related disputes and supersedes all previous agreements, whether written or oral, express or implied, relating to the subjects covered in this Agreement. Any modification of this Agreement must be in writing and signed by both you and the University President or CEO.

(*Id.* at 2-3) (capitalization and italicization in original).

Plaintiff contends that he was working as a Student Advisor in Employer's Student Affairs department on January 13, 2021, when he complained to Human Resources that his supervisor had harassed him for taking time off and had failed to provide him with the "proper resources in a timely manner to do [his] job." (doc. 3 at 1; doc. 10 at 7, 11-12.) Employer allegedly retaliated against him for making the complaint by terminating his employment on February 2, 2021. (doc. 3 at 1; doc. 10 at 7, 11-12, 15.) On March 3, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (doc. 10 at 6-9.) He claims that on that

same day, the EEOC issued a final decision finding discrimination. (*Id.* at 6.)[3] Plaintiff filed suit on June 2, 2021, alleging retaliation under the ADA and seeking a total of $400,000 for lost pay, lost benefits, medical expenses, and emotional distress. (doc. 3; doc. 10 at 17.)

On September 3, 2021, Employer moved to compel arbitration based on the Agreement and to dismiss this action or, in the alternative, to stay it. (doc. 15.)  Plaintiff did not file a response. Employer then moved to dismiss this action "outright" for failure to prosecute or follow court orders.  (doc. 17 at 2, 4-5.)

## II.  MOTION TO COMPEL

The Federal Arbitration Act (FAA) provides that "a written agreement to arbitrate in any contract involving interstate commerce or a maritime transaction 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (quoting 9 U.S.C. § 2). It "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA provides "for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3-4). A court may not compel arbitration under the FAA until it is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C § 4.

Courts in the Fifth Circuit employ a two-step inquiry when determining a motion to compel arbitration under the FAA. *See Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.

---

[3] Plaintiff did not provide a copy of the EEOC's final decision, as instructed in a Magistrate Judge's Questionnaire.  (*See* doc. 10 at 6.)

2002) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). The first step is to determine whether the parties agreed to arbitrate the dispute at issue. *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). This involves consideration of "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 294 (5th Cir. 2005) (citations omitted); *accord Webb*, 89 F.3d at 258. Given the strong federal policy favoring arbitration, "the Supreme Court has held that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Safer*, 422 F.3d at 294 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). This presumption "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties,'" however. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (quoting *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).

The second step of the inquiry is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Safer*, 422 F.3d at 294 (quoting *Webb*, 89 F.3d at 258); *accord OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam) (citing *Mitsubishi*, 473 U.S. at 628). "Only if the court finds there is an agreement to arbitrate does it consider the second step of whether any legal constraints render the claims nonarbitrable." *Edwards v. Conn Appliances, Inc.*, No. 3:14-CV-3529-K, 2015 WL 1893107, at *2 (N.D. Tex. Apr. 24, 2015) (citing *Webb*, 89 F.3d at 258).

"While the two-step inquiry used to consider a motion to compel arbitration under the FAA is well-settled," *Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 443 (N.D. Tex.

4

2019), "[t]he quantum of evidence required to prove or disprove the existence of an agreement to arbitrate is not entirely clear in this Circuit", *Gallagher v. Vokey*, 860 F. App'x 354, 357 (5th Cir. 2021) (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992) ("Our caselaw has not established the precise showing a party must make.")). The Fifth Circuit has explained, however, that:

> [t]he party resisting arbitration bears 'the burden of showing that he is entitled to a jury trial under § 4 of the Arbitration Act.'" *Dillard*, 961 F.2d at 1154 (quoting Bhatia v. Johnston, 818 F.2d 418, 422 (5th Cir. 1987)). Further, "the party must make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations proved to be true ... [and] he must produce at least some evidence to substantiate his factual allegations." Id. "To put the making of the arbitration agreement 'in issue,' " a party is "required to 'unequivocal[ly] den[y]' that he agreed to arbitrate and produce 'some evidence' supporting his position." *Chester v. DirecTV, LLC*, 607 F. App'x 362, 363–64 (5th Cir. 2015) (per curiam) (alterations in original) (quoting *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)). Although this "some evidence" standard may appear similar to the summary judgment standard predominant in our sister Circuits, we need not—and do not—decide whether the 9 U.S.C. § 4 standard in this Circuit is congruent with the summary judgment evidentiary standard of Rule 56. It is sufficient that, where competent evidence showing the formation of an agreement to arbitrate has been presented, § 4 requires a party resisting arbitration to produce some contrary evidence to put the matter "in issue."

*Gallagher*, 860 F. App'x at 357-58.

**A. Step One—Agreement**

A district court must first determine whether a valid arbitration agreement exists between *all* the parties being compelled to arbitration. *Webb*, 89 F.3d at 258. This requires consideration of "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Safer*, 422 F.3d at 294 (citations omitted); *accord Webb*, 89 F.3d at 258. Courts should generally apply "ordinary state-law principles that govern the formation of contracts," but must give due regard to the federal

5

policy favoring arbitration and resolve any ambiguities as to the scope of the arbitration clause itself in favor of arbitration. *Webb*, 89 F. 3d at 258 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

Under Texas law,[4] the party seeking to compel arbitration has the initial burden to establish the existence of an arbitration agreement and to show that the asserted claims fall within its scope. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (per curiam), *abrogated in part by In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002); *Wachovia Sec., LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The burden then shifts to the party opposing arbitration to present evidence showing why the arbitration agreement should not be enforced. *Wachovia Sec.*, 186 S.W.3d at 113. The party opposing arbitration may show, for example, that the arbitration agreement was procured in an unconscionable manner, or that it was induced or procured by fraud or duress. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d at 573.

Here, Employer has presented evidence of an agreement signed by Plaintiff to arbitrate "any employment-related claims based on any federal, state or local law, statute, or regulation," including, but not limited to, any claims arising under the ADA. (doc. 15-1 at 2-3.) "Texas courts have consistently held that a party's signature on a written contract is strong evidence that the party unconditionally assented to its terms." *Gallagher*, 860 F. App'x at 358 (quoting *Bullock v. Am.*

---

[4] Defendant cites to Texas law; Plaintiff did not dispute that Texas law applies. A party who fails to brief the laws of other states forfeits any choice of law argument. *See Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 n. 2 (5th Cir. 2009) ("[B]y failing to brief any other state's law, the parties have forfeited any choice of law argument."); *see also Marsoft, Inc. v. United LNG, L.P.*, No. CIV.A. H-13-2332, 2014 WL 1338709, at *7 n.62 (S.D. Tex. Mar. 31, 2014) ("By failing to brief any other law, Defendant has forfeited a choice of-law argument with regard to its motion to compel arbitration.") (citing *Arthur W. Tifford, PA*, 562 F.3d at 705 n. 2).

*Heart Ass'n*, 360 S.W.3d 661, 666 (Tex. App.—Dallas 2012, pet. denied) (internal quotations omitted). "'[A] party is not required to produce evidence to establish the genuine nature of a signature on an arbitration agreement in the absence of a sworn challenge to the signature.'" *Id.* (quoting *Wright v. Hernandez*, 469 S.W.3d 744, 752–53 (Tex. App.—El Paso 2015, no pet.). The language in the Agreement is broad enough to cover Plaintiff's claim against Employer for retaliation under the ADA. Employer has met its initial burden of showing that there was an agreement to arbitrate, and that Plaintiff's claims fall within its scope. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d at 573; *Wachovia Sec.*, 186 S.W.3d at 113.

The burden now shifts to Plaintiff to show why the Agreement should not be enforced. *See Tanoury v. Symphony Serv. Corp.*, No. 3:12-CV-1142-L, 2013 WL 705121, at *4 (N.D. Tex. Feb. 5, 2013), *adopted by* 2013 WL 706048 (N.D. Tex. Feb. 27, 2013). Because he did not respond, he has not met his burden to produce "some evidence" that puts the matter "in issue." *Gallagher*, 860 F. App'x at 357. Because he has not shown why the Agreement should not be enforced, he is bound by its terms.

B. **Step Two—Legal Restraints**

The next step is to determine whether any legal restraints external to the agreement foreclose arbitration of the claims at issue here. *See OPE Int'l LP*, 258 F.3d at 445-46. Here, Plaintiff does not argue that any external legal constraints exist. Since he has identified no legal restraints external to the Agreement that foreclose arbitration of his claims, he should be compelled to submit his claims to arbitration. *See Tanoury*, 2013 WL 705121, at *5.

III. MOTIONS TO DISMISS OR STAY

Defendant moves to dismiss the suit on grounds that Plaintiff's claim is arbitrable, or in the

7

alternative, to stay the proceedings pending arbitration. (doc. 15 at 6-7; 17 at 4-5.) After Plaintiff failed to respond, it also moved to dismiss the suit for failure to prosecute or follow court orders.

Under § 3 of the FAA, a court must stay the trial of the action until arbitration is complete if it determines that the claims are properly referable to arbitration and one of the parties applies for a stay of the proceedings. 9 U.S.C. § 3; *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). A stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration." *Alford*, 975 F.2d at 1164; *accord Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 344 n.2 (5th Cir. 1986). When all of the issues before the Court are arbitrable and there are no other reasons to retain jurisdiction over the suit, it may dismiss the action. *See Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) (citing *Alford* and noting the Fifth Circuit has "interpreted [9 U.S.C. § 3] to mean only that the district court cannot deny a stay when one is properly requested"). Here, Plaintiff has not requested a stay, his sole claim is arbitrable, and no other reasons to retain jurisdiction over this action are apparent, so the suit should be dismissed with prejudice[5] instead of stayed. The alternative motions to stay pending arbitration and to dismiss for failure to prosecute or follow court orders should be denied as moot.

## IV. RECOMMENDATION

Defendants' motions to compel arbitration and to dismiss should be **GRANTED**, and the

---

[5] *See Alford*, 975 F.2d at 1164 ("Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice."); *Price v. Santander Consumer USA Inc.*, No. 3:19-CV-0742-B, 2019 WL 4318883, at *6 (N.D. Tex. Sept. 12, 2019) (dismissing case with prejudice after granting motion to compel arbitration because the plaintiffs identified no remaining issues).

case should be **DISMISSED with prejudice**. Defendant's alternative motions to stay pending arbitration and to dismiss for failure to prosecute or follow court orders should be **DENIED as moot**.

    **SO RECOMMENDED** on this 21st day of April, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE